IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alexis Benson, on behalf of minor child K.C., and Kevin Carberry, Sr., on behalf of minor child, K.C.,<br><br>Plaintiffs,<br><br>vs.<br><br>Fort Mill Schools/ York County School District 4; Amy Maziarz; Kristy Spears; Michele Branning; Anthony Boddie; Wayne Bouldin; Scott Frattaroli; Celia McCarter; Brian Murphy; James Epps; Savannah Stager; Emma Sheppard; LaVonda Williams; Brittney Koback; Jennifer Grant; and Douglas Dent,<br><br>Defendants. | C/A No.: 0:22-614-SAL-SVH<br><br><br><br>ORDER |

Alexis Benson and Kevin Carberry, on behalf of their minor child, K.C.,[1] ("Plaintiffs"), proceeding pro se, filed this action alleging violations of K.C.'s constitutional rights and several other federal statutes. This matter is before the court on Plaintiffs' motions to appoint counsel [ECF Nos. 3, 4], motion to file electronically [ECF No. 5], and motion for injunctive relief.

---

[1] To protect the rights of the minor child, the court refers to him by the initials.

1

[ECF No. 6].

I.     Motions to Appoint Counsel [ECF Nos. 3, 4]

There is no right to appointed counsel in civil cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiffs have not shown that any exceptional circumstances exist in this case. After a review of the file, the court has determined there are no exceptional or unusual circumstances presented that justify the appointment of counsel, nor would Plaintiffs be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). Plaintiffs state they have been unable to find counsel. The court notes that the South Carolina Bar has a lawyer referral service Plaintiffs may wish to contact.

II.    Motion to File Electronically [ECF No. 5]

Pursuant to the District of South Carolina's Electronic Case Filing Policies and Procedures ("ECFPP") dated December 1, 2016, pro se parties file papers in the traditional filing method, which means filing original documents bearing the signature of the pro se party. ECFPP §§ 1.13, 3.3. Additionally, the policy states that pro se parties shall be served with

electronically-filed documents through traditional service, which is defined as service of a paper copy of a document using the forms of service authorized under the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. ECFPP, §§ 1.14, 11.2.2. Pro se parties may file papers by either mailing the documents to the court or by personally delivering the filings to the courthouse. As pro se parties have ample access for filing documents with the court, Plaintiffs' motion is denied.

III. Motion for Injunctive Relief

Plaintiff's motion for "Emergency Injunction for Relief" essentially requests a portion of damages in advance of the court's adjudication of this action. Plaintiff's motion is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

March 3, 2022
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge