UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Alexis Benson and Kevin Carberry, Sr., on behalf of minor child K.C., Jr., ) ) ) Plaintiffs, ) ) v. ) ) Fort Mill Schools/York County District 4, ) Amy Maziarz, Kristy Spears, Michele ) Branning, Anthony Boddie, Wayne Bouldin, ) Scott Frattaroli, Celia McCarter, Brian ) Murphy, James Epps, Savanah Stager, ) Emma Sheppard, LaVonda Williams, ) Brittney Koback, Jennifer Grant, ) Douglas Dent, and the South Carolina Board ) of Education, ) ) Defendants. ) | C/A No.: 0:22-cv-00614-SAL-SVH  **Order Denying Plaintiffs' Motion for Recusal** |

This matter comes before the court on the motion for recusal of the assigned Magistrate Judge and District Court Judge filed by *pro se* Plaintiffs Alexis Benson and Kevin Carberry, Sr., on November 7, 2022. [ECF No. 64.]

## I. Factual and Procedural Background

Plaintiffs, residents of York County, South Carolina, filed their original complaint on February 22, 2022, in the District Court for the Western District of North Carolina alleging Defendants denied their minor child a free and appropriate public education, or FAPE. [ECF No. 1 at 1, 4-13.] In their complaint, Plaintiffs allege they filed a due process complaint under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and received an adverse ruling from the local hearing office. *Id.* at 9. Plaintiffs then appealed to the state hearing officer and received a favorable ruling. *Id.* at 10. Despite this,

Plaintiffs allege Defendants continue to deny their child FAPE. [*Id.* at 10-12.] The case was transferred to the District of South Carolina on February 28, 2022, based on Plaintiffs' allegations that South Carolina is where the matters at issue took place. [ECF No. 7.] All pretrial proceedings in this case were referred to Magistrate Judge Shiva V. Hodges pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).[1]

On October 6, 2022, the magistrate judge issued her Report and Recommendation ("Report"). In the Report, the magistrate judge recommends all of Plaintiffs' claims be dismissed except for Plaintiffs' IDEA claims against the Fort Mill School District, the South Carolina Board of Education, and the individually named Defendants. [ECF No. 38 at 18-19.] Both parties filed objections. [ECF Nos. 45 and 67.] On November 7, 2022, Plaintiffs filed a Notice of Appeal as to the Report and Recommendation. [ECF No. 52] While their appeal was pending, Plaintiffs filed this motion for recusal. [ECF No. 64.] The Fourth Circuit dismissed Plaintiffs' appeal for lack of subject matter jurisdiction. [ECF No. 104.] This motion for recusal is now ready for ruling.

**II. Discussion**

    **A. Standard of Review**

The Fourth Circuit has recognized "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994) (citations and quotations

---

[1] Although this Motion is pending before the magistrate judge, Plaintiffs move for the District Court Judge to recuse herself. This court is ruling solely on the issue of whether the Honorable Sherri Lydon, District Court Judge, should recuse herself in this case.

omitted); *see also* Code of Judicial Conduct, Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified . . . ."). As the Ninth Circuit summarized:

> This proposition is derived from the "judicial [p]ower" with which we are vested. *See* U.S. Const. art. III, § 1. It is reflected in our oath, by which we have obligated ourselves to "faithfully and impartially discharge and perform [our] duties" and to "administer justice without respect to persons, and do equal right to the poor and to the rich." 28 U.S.C. § 453. Without this proposition, we could recuse ourselves for any reason or no reason at all; we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient or just plain boring. . . .
>
> It is equally clear from this general proposition that a judge may not sit in cases in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also id.* § 455(b) (enumerating circumstances requiring recusal). We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal. *See Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005); *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). If it is a close case, the balance tips in favor of recusal. *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993).

*United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (alterations and emphasis in original).

Recusal of federal judges is generally governed by 28 U.S.C. § 455.[2] That statute provides "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir.

---

[2] Notably, 28 U.S.C. § 455 largely tracks the language of Canon 3C of the Code of Conduct for United States Judges, which also governs recusal of federal judges.

2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, because judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998).

Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665 (internal quotation omitted). The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. *DeTemple*, 162 F.3d at 287. Recusal decisions under 28 U.S.C. § 455(a) are "fact-driven and may turn on subtleties in the particular case." *Holland*, 519 F.3d at 912.

The statute lists specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. 28 U.S.C. § 455(b). For instance, a judge is disqualified "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).[2] Bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

---

[2] Similarly, 28 U.S.C. § 144 mandates recusal when a party to a "proceeding in a district court" demonstrates by a timely and sufficient affidavit that the "judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The procedures for seeking recusal under 28 U.S.C. § 144 differ from those under § 455(b)(1). Furthermore, where actual bias is shown pursuant to 28 U.S.C. § 144, recusal will generally also be required in any event under 28 U.S.C. § 455(a)'s standard of an appearance of bias. Therefore, the standard stated herein focuses on 28 U.S.C. § 455.

The United States Supreme Court has made clear that to warrant disqualification, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source . . . other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). In applying the extrajudicial source doctrine, the Supreme Court has held that:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). The extrajudicial source doctrine applies under both 28 U.S.C. § 455 and 28 U.S.C. § 144. *Grinnell*, 384 U.S. at 582–83; *Liteky*, 510 U.S. at 550, 554.

### B. Analysis

Plaintiffs allege "Judge Sherri Lydon is/was Married to and represented Ex Lexington Sheriff of 42 years, James Metts." [ECF No. 64 at 1.] Plaintiffs do not offer a reason why Sheriff Metts' case has any bearing on this case. Instead, they seem to imply Judge Lydon was involved with Sheriff Metts in covering up a criminal enterprise and that Judge Hodges ordered the relevant documents sealed. *Id.* Plaintiffs offer no evidence supporting this accusation. *Id.* It is on this basis, however, that they request Judge Lydon recuse herself from this matter. *Id.*

Plaintiffs have not pointed to anything in the record or elsewhere that raises even the appearance of impartiality, much less actual bias or prejudice, on the part of the presiding judge. At best, Plaintiffs' accusations are "unsupported, irrational … highly tenuous speculation." *Cherry*, 330 F.3d at 665. Therefore, Plaintiff's motion for recusal must be denied.

### III. Conclusion

For these reasons, Plaintiff's motion for recusal [ECF No. 64] is denied.

**IT IS SO ORDERED.**

April 19, 2023
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge