IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alexis Benson and Kevin Carberry, Sr., on behalf of minor child K.C., Jr.,<br><br>Plaintiffs,<br><br>vs.<br><br>Fort Mill Schools/York County District 4, Amy Maziarz, Kristy Spears, Michele Branning, Anthony Boddie, Wayne Bouldin, Scott Frattaroli, Celia McCarter, Brian Murphy, James Epps, Savannah Srager, Emma Sheppard, LaVonda Williams, Brittney Koback, Jennifer Grant, and Douglas Dent,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.: 0:22-614-SAL-SVH<br><br><br><br><br><br><br><br>ORDER |

Alexis Benson and Kevin Carberry, Sr., ("Plaintiffs"), proceeding pro se and in forma pauperis, filed this case against Defendants on February 22, 2022. This matter comes before the court on Plaintiff's motion to recuse. [ECF No. 64].

In their motion to recuse, Plaintiffs request the undersigned be removed because she presided over hearings and ordered matters be sealed in a case

against former Lexington County Sheriff James Metts. [ECF No. 64]. Plaintiffs fail to provide any explanation of the relevance of these allegations.

The Fourth Circuit has recognized that "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994) (citations and quotations omitted); *see also* Code of Judicial Conduct, Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified . . . ."). As the Ninth Circuit summarized:

This proposition is derived from the "judicial [p]ower" with which we are vested. *See* U.S. Const. art. III, § 1. It is reflected in our oath, by which we have obligated ourselves to "faithfully and impartially discharge and perform [our] duties" and to "administer justice without respect to persons, and do equal right to the poor and to the rich." 28 U.S.C. § 453. Without this proposition, we could recuse ourselves for any reason or no reason at all; we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient or just plain boring. . . .

It is equally clear from this general proposition that a judge may not sit in cases in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also id.* § 455(b) (enumerating circumstances requiring recusal). We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal. *See*

*Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005); *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). If it is a close case, the balance tips in favor of recusal. *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993).

Recusal of federal judges is generally governed by 28 U.S.C. § 455.[1] That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, because judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998).

Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665 (internal

---

[1] Notably, 28 U.S.C. § 455 largely tracks the language of Canon 3C of the Code of Conduct for United States Judges, which also governs recusal of federal judges.

quotation omitted). The Fourth Circuit recognizes that overly-cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. *DeTemple*, 162 F.3d at 287. Recusal decisions under 28 U.S.C. § 455(a) are "fact-driven and may turn on subtleties in the particular case." *Holland*, 519 F.3d at 912.

The statute provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. 28 U.S.C. § 455(b). For instance, a judge is disqualified "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).[2] Bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

The United States Supreme Court has made clear that to warrant disqualification, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source . . . other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583

---

[2] Similarly, 28 U.S.C. § 144 mandates recusal when a party to a "proceeding in a district court" demonstrates by a timely and sufficient affidavit that the "judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The procedures for seeking recusal under 28 U.S.C. § 144 differ from those under § 455(b)(1). Furthermore, where actual bias is demonstrated pursuant to 28 U.S.C. § 144, recusal will generally also be required in any event under 28 U.S.C. § 455(a)'s standard of an appearance of bias. Therefore, the standard stated herein focuses on 28 U.S.C. § 455.

(1966). In applying the extrajudicial source doctrine, the Supreme Court has held that:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). The extrajudicial source doctrine applies under both 28 U.S.C. § 455 and 28 U.S.C. § 144. *Grinnell*, 384 U.S. at 582–83; *Liteky*, 510 U.S. at 550, 554.

Here, Plaintiffs have pointed to nothing in the record or elsewhere that raises even the appearance of impartiality, much less actual bias or prejudice. For these reasons, the undersigned denies Plaintiffs' motion to the extent it requests her recusal.

IT IS SO ORDERED.

April 19, 2023  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge