United States District Court
District of South Carolina
Rock Hill Division

| | |
|---|---|
| Alexis Benson and Kevin Carberry, Sr., on behalf of minor child K.C., Jr., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| Fort Mill Schools/York County District 4, Amy Maziarz, Kristy Spears, Michele Branning, Anthony Boddie, Wayne Bouldin, Scott Frattaroli, Celia McCarter, Brian Murphy, James Epps, Savanah Stager, Emma Sheppard, LaVonda Williams, Brittney Koback, Jennifer Grant, and Douglas Dent, and the South Carolina Board of Education, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

C/A No.: 0:22-cv-00614-SAL-SVH

**Order Adopting in Part and Modifying in Part Report and Recommendation of Magistrate Judge Hodges**

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges ("Report"), made in accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). [ECF No. 38.]

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law. *Id.* at 2-5. This court incorporates those facts and standards without a recitation.[1]

In the Report, the magistrate judge recommends this court deny in part Plaintiffs' Requests for Consolidation[2] and Motions to Change Venue, ECF Nos. 31 and 33, to the extent they request

---

[1] Plaintiffs did not specifically object to the magistrate judge's recitation of the factual background or legal standards.

[2] The magistrate judge granted these motions in part to the extent they sought consolidation of the current action with a second case involving similar parties and causes of action, C/A number 0:22-cv-1912, aka "Benson II." *See Hoffman v. Genpact*, C/A No. 3:22-00009, 2022 WL 584497, at *2

the court move this action to the Western District of North Carolina. *Id.* at 18. The magistrate judge

also recommends this court allow Plaintiffs' IDEA claim, which they assert on their own behalf,

to proceed against Fort Mill School District and the South Carolina Board of Education as well as

the following school district and school board officials in their individual capacities: Amy Maziarz,

James Epps, Emma Sheppard, LaVonda Williams, Brittany Koback, Jennifer Grant, and Douglas

Dent. *Id.* at 18-19. Finally, the magistrate judge recommends this court dismiss all other claims

asserted by Plaintiffs as well as any IDEA claim Plaintiffs seek to assert on behalf of their minor

child. *Id.* at 19.

Attached to the Report was a Notice of Right to File Objections. *Id.* at 20. Both Plaintiffs

and Defendants James Epps, Fort Mill School District/Your County District 4, Jennifer Brant,

Brittney Koback, Amy Maziarz, Emma Sheppard, and LaVonda Williams filed objections to the

Report.[3] [ECF Nos. 45, 67.] The matter is now ripe for review.

### REVIEW OF A MAGISTRATE JUDGE 'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with this

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a

de novo determination only of those portions of the report that have been *specifically* objected to,

and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

Without objections, the court need not explain adopting the Report and must "only satisfy itself

---

(M.D. Pa. Feb. 25, 2022) (A "magistrate judge has the authority to rule on a consolidation request
as a non-dispositive motion.")

[3] The Report was issued on October 6, 2022. Objections were originally due on October 20, 2022.
Judge Hodges ordered service of the Summons and Complaint on the above-named Defendants
via U.S. Marshal on October 19, 2022. The first of the above-named Defendants was served on or
around October 28, 2022. Defendants' Objections were filed November 9, 2022.

that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## ANALYSIS

The court must liberally construe pro se pleadings, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). This does not mean, however, that the court can ignore a pro se party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Services*, 901 F.2d 387, 390-91 (4th Cir. 1990).

### I.    Plaintiffs' Request for Change of Venue

This case was originally filed in the Western District of North Carolina. [ECF No. 1.] By order of the Honorable Frank D. Whitney, the case was transferred to the District of South Carolina. [ECF No. 7.] Plaintiffs now move for this case to be transferred back to the Western District of North Carolina. [ECF No. 38 at 11.] The magistrate judge recommends denying

Plaintiffs' request to transfer venue on the grounds this court (1) has access to witnesses related to Plaintiffs' claims; (2) has access to relevant evidence; and (3) can apply South Carolina law to any possible state-law claims. *Id.*

Plaintiffs object to this recommendation on the grounds they added "Carolina Neuroserviecs and Dr. Jeffery Ewart who have Charlotte, NC addresses…. The Defendants now have addresses that would qualify this case as a Diversity Rule 28 U.S. Code $1332 (sic)." [ECF No. 45 at 16.] Plaintiffs, however, confuse jurisdiction with venue. Jurisdiction is a "court's power to decide a case or issue a decree." JURISDICTION, Black's Law Dictionary (11th ed. 2019). Diversity jurisdiction grants a federal court authority over a case involving parties who are citizens of different states and an amount in controversy greater than $75,000.00. *Id.*; 28 U.S.C. § 1332. Venue, by contrast, is "the proper place for a lawsuit to proceed, usually because the place has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant." VENUE, Black's Law Dictionary (11th ed. 2019); 28 U.S.C. § 1391(b).

A party may bring a civil action in a judicial district (1) where any defendant resides if all defendants are residents of the state where the district is located or (2) a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b). Plaintiffs allege the addresses of two Defendants are in Charlotte, North Carolina. However, not all Defendants are residents of the same state. There are seventeen defendants total, including the Fort Mill School District and South Carolina Board of Education. To establish the Western District of North Carolina as the proper venue in this case, Plaintiffs would have to show that *all* Defendants are residents of North Carolina—including the South Carolina Board of Education and the Fort Mill School District. Because Defendants live in both South and North Carolina, Plaintiff cannot

4

establish the Western District of North Carolina as the proper venue under the first option in the

statute.

Plaintiffs cannot establish venue is proper in the Western District of North Carolina under

the second option, either. Plaintiffs' claims arise from actions taken by the Fort Mill School

District, which is located within the state of South Carolina. The events giving rise to these claims

occurred within South Carolina, making the District of South Carolina the proper venue. Because

Plaintiffs have failed to show the Western District of North Carolina is a proper venue, their request

is denied, and their objection is overruled.

## II.    Individual Liability Under IDEA

Next, the magistrate judge recommends allowing Plaintiffs to proceed with the claims

brought on their own behalf under the Individuals with Disabilities Education Act, or IDEA, 20

U.S.C. § 1400 *et seq.*, against Fort Mill School District/York County District 4 and the South

Carolina Board of Education. [ECF No. 38 at 14.] The Report adds,

> Where the Fourth Circuit has not addressed whether a plaintiff may
> bring an IDEA claim against a school official in his or her individual
> capacity, and out of an abundance of caution, the undersigned also
> recommends Plaintiff's IDEA claims proceed against the following
> school officials in their individual capacities: Amy Maziarz, James
> Epps, Emma Sheppard, LaVonda Williams, Brittney Koback,
> Jennifer Grant, and Douglas Dent.

*Id.* at 16.

This court agrees that Plaintiffs should be allowed to proceed with IDEA claims brought

on their own behalf against the School District and Board of Education. But the court disagrees

that IDEA allows Plaintiffs to bring claims against school officials in their individual capacities.

Although the Report is correct that the Fourth Circuit has not addressed whether Plaintiffs

may bring an IDEA claim against a school official in his individual capacity, other circuits have

found that IDEA permits awards of monetary relief against state and local school boards but not

against individuals. *See, e.g.*, *Dias-Fonseca v. Puerto Rico,* 451 F.3d 13 (1st Cir. 2006); *Bradley v. Arkansas Dept. of Ed.*, 301 F.3d 952, 957 n. 6 (8th Cir. 2002).

District courts in the Fourth Circuit have also found IDEA does not create individual liability. *See J.W. v. Johnston Cnty. Bd. of Educ.,* 2012 WL 4425439, at *6 (E.D. N.C. Sept. 24, 2012) (granting Defendants' motion to dismiss IDEA claims when the claims sought relief from Defendants in their individual capacities); *Justice ex rel. Son v. Farley*, 2014 WL 229127, at *8 (E.D. N.C. Jan. 21, 2014) ("[Plaintiff] cannot hold any defendant liable in his or her individual capacity under … the IDEA."); *D.W. by and through Williams v. Chesterfield Cnty. Schools*, 2018 WL 3098121, at *8 n. 8 (E.D. Va. June 5, 2018) ("[T]he IDEA does not create individual liability."); *Muller v. Henrico Cnty. Sch. Bd.*, 2019 WL 3860199, at *4 (E.D. Va. Aug. 16, 2019) ("[T]he IDEA does not create individual liability.").

The First Circuit examined the purposes of the IDEA as it relates to liability for reimbursement of education expenses in *Dias-Fonseca v. Puerto Rico*, 451 F.3d 13 (1st Cir. 2006). "[T]he IDEA does not permit an award of *any* monetary relief, including tuition reimbursement and compensatory education, against individual school officials who are named in their personal capacities as defendants in an IDEA action." 451 F.3d. at 34-35. "'[T]he IDEA is devoid of textual support for ... an award' of education expenses against individual defendants; 'such expenses would be recoverable [only] from the school district' (or public agency)." *Id.* at 35 (*quoting Bradley v. Arkansas Dept. of Ed.*, 301 F.3d 952, 957 n. 6 (8th Cir. 2002). "[T]he plain text of the statute authorizes reimbursement of educational expenses only against the agency, not against any of its officials." *Id.* "That only the public agency is liable for reimbursement follows naturally from the fact that Congress assigned to the agency the ultimate responsibility for ensuring [a free appropriate public education, otherwise known as] FAPE." *Id.*

This court agrees with the First and Eight Circuits as well as other district courts in this circuit that IDEA does not create a cause of action against school officials in their individual capacities. Based on the law as stated above, the court adopts the recommendation of the magistrate judge in part and modifies it in part to disallow the claims against the school officials in their individual capacities to proceed.[4]

### III.    Plaintiffs' Other Claims

Finally, the magistrate judge recommends this court dismiss all other claims asserted by Plaintiffs. [ECF No. 38 at 15 n. 8.] Specifically, Plaintiffs bring claims under IDEA on behalf of their minor child; claims for violating HIPAA, the Constitution, and the Nuremburg code; discrimination claims based on criticism of Plaintiffs' religious beliefs; and defamation claims based on "false accusations, assumptions … regarding the personal life" of Plaintiffs. [ECF No. 1 at 10, 19.]

### A.  Pro Se Representation of Minor Child

First, the magistrate judge recommends dismissing Plaintiffs' IDEA claim brought on behalf of their minor child because parents may not represent their children *pro se* in IDEA claims. [ECF No. 38 at 12-15.] Parents enjoy independent, enforceable rights under IDEA. *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 533 (2007). But they have no right to bring claims *pro se* on behalf of their minor child. *See M.D. v. Sch. Bd. of Cty. of Richmond*, 560 Fed. App'x 199, 202 (4th Cir. 2014) ("To ensure minors' rights are vigorously and competently

---

[4]  Plaintiffs' objection includes a section titled "Immunity in regards for School and District Staff and school board members." [ECF No. 45 at 14-16.] To the extent Plaintiffs maintain their IDEA claims should be allowed to proceed against school personnel because those individuals are not entitled to qualified immunity, that argument is unpersuasive. The court finds IDEA does not create liability against individuals, and the question of whether the individually named defendants are entitled to qualified immunity under IDEA is irrelevant.

protected, we have squarely held that non-attorney parents are barred from representing their

children in federal court."); *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005)

("[N]on-attorney parents generally may not litigate the claims of their minor children in federal

court."). The magistrate judge previously directed Plaintiffs to find licensed counsel to represent

their minor child or face dismissal. [ECF No. 11.]

Plaintiffs "Object to dismissing parents' rights to represent their child through IDEA."

[ECF No. 45 at 30.] A thorough review of Plaintiffs' Objection, ECF No. 45, provides no

additional support for their objection to this portion of the Report. Because Plaintiffs fail to make

a specific objection, this court adopts the recommendation without further explanation. *See Field*

*v. McMaster*, 663 F. Supp. 2d 449, 451–52.

### B.  Failure to Allege Sufficient Facts on Which Relief May be Granted

As to the remaining claims, the magistrate judge recommends dismissal on the grounds

Plaintiffs have alleged insufficient facts to support their claims. [ECF No. 38 at 15 n. 8]

Plaintiffs' claims for violating HIPAA, the Constitution, and the Nuremburg Codes arise

from Local Hearing Officer Douglas Dent's request that Plaintiffs wear masks at the IDEA due

process hearing. [ECF No. 1 at 10 ¶ 52.] Officer Dent asked Plaintiffs if they were vaccinated, to

which they said, "That is none of your business." *Id.* When Plaintiffs arrived at the hearing, they

were told to, but did not, wear masks. *Id.* Despite Officer Dent allowing the meeting to proceed

without requiring Plaintiffs to wear masks, Plaintiffs nonetheless allege Dent's actions

discriminated against their "unalienable rights to Liberty, Life and pursuit of happiness, amongst

others." *Id.*

Plaintiffs also allege they were discriminated against based on their religion. *Id.* at 10 ¶ 53.

Plaintiffs state that Mr. Duff and the Fort Mill School District "expressed and spoke about the

families (sic) belief in reincarnation and that not being 'normal or appropriate.'" *Id.* Finally, Plaintiffs allege defamation against Officer Dent based on "statements made … in his written order" following the due process hearing. *Id.* at 19 ¶ 2.

The Report recommends dismissal because Plaintiffs have alleged insufficient facts to support these claims. [ECF No. 38 at 15 n. 8.] This court has reviewed the complaint, ECF No. 1, the complaint from the consolidated case "Benson II," formerly civil action number 0:22-cv-1912, (refiled in the current case as ECF No. 41), and Plaintiffs' Objection to this Report, ECF No. 45. The court agrees with the magistrate judge that Plaintiffs have failed to allege sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's objection to this portion of the Report simply states, "Objection to Dismissal of all other complaints that include but are not limited to Negligence, Collusion and Conspiracy, defamation, Section 504, Americans with Disabilities Act, and numerous constitutional violations." [ECF No. 45 at 30 ¶ 4.] Plaintiff has again failed to make a specific objection to this portion of the Report, and this court adopts the recommendation without further explanation. *See Field*, 663 F. Supp. 2d at 451–52 ("In the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation.").

### IV.    Plaintiffs' Motions to Rule by District Judge

Although this case is currently referred to the magistrate judge, Plaintiffs have made two Motions to Rule by District Court on certain outstanding motions. [ECF Nos. 82 and 108.] Plaintiffs ask this court for rulings on their Objection to the Report, ECF No. 45, Motion to Amend/Correct Complaint and Motion to Amend/Correct Order of Service, ECF Nos. 59 and 60,

respectively, Motion for Recusal, ECF No. 64, and Objections to Defense Counsel, ECF Nos. 73 and 80. [ECF No. 82 at 1; No. 108 at 1.]

This court previously denied Plaintiffs' Motion for Recusal, ECF No. 64, as to District Court Judge Sherri Lydon. [ECF No. 113.] Through this Order, this court addresses Plaintiffs' Objection to the Report, ECF No. 45. As to the remaining outstanding Motions, ECF Nos. 59, 60, 73, and 80, the court declines to rule, as those motions are referred to the magistrate judge.

## CONCLUSION

The court adopts the magistrate judge's Report, ECF No. 38, as modified. Plaintiffs' request to change venue is **DENIED**. Plaintiffs may proceed with IDEA claims asserted on their own behalf against Fort Mill School District and the South Carolina Board of Education. All other claims, including Plaintiffs' IDEA claims asserted against school officials in their individual capacities, IDEA claims asserted by Plaintiffs on behalf of their minor child, as well as their claims based on violations of HIPAA, the Constitution, and the Nuremburg Codes, their claims of religious discrimination, and their defamation claims are **DISMISSED WITHOUT PREJUDICE**. Furthermore, Plaintiffs' Motions to Rule, ECF Nos. 82 and 108, are **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

April 20, 2023                                                      /s/Sherri A. Lydon
Columbia, South Carolina                              Sherri A. Lydon
                                                                          United States District Judge