UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Alexis Benson, and Kevin Carberry, Sr., ) | Civil Action No. 0:22-cv-614-SAL-SVH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Order Denying [121] Motion to Reconsider |
| ) | |
| Fort Mill Schools/York County District 4, ) | |
| And the South Carolina Board of Education, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiffs' Motion for Reconsideration of ECF No. 116, the Order Adopting in Part and Modifying in Part the Report and Recommendation of Magistrate Judge Hodges. [ECF No 121.] In that Order, this court denied Plaintiffs' request for change of venue and dismissed all of Plaintiffs' claims except for IDEA claims asserted on their own behalf against Defendants Fort Mill School District and the South Carolina Board of Education. [ECF No. 116 at 10.] The court also granted in part and denied in part Plaintiffs' Motions to Rule, ECF Nos. 82 and 108. *Id*. Plaintiffs timely moved for reconsideration, and Defendants responded opposing the motion. [ECF No. 123.] The matter is now ripe for ruling.

**STANDARD ON MOTION FOR RECONSIDERATION**

A motion to alter or amend judgment is governed by Rule 59(e) of the Federal Rules of Civil Procedure. The Fourth Circuit has held Rule 59(e) allows the court to alter or amend an earlier judgment only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior

to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

## ANALYSIS

Plaintiffs do not purport to have new evidence that was unavailable before the magistrate judge issued her Report or the court adopted it. Instead, Plaintiffs cite the Supreme Court's "latest ruling" on IDEA, *Luna Perez v. Sturgis Pub. Schools*, 143 S.Ct. 859 (2023), which was published after the magistrate judge issued her Report. In that case, the Supreme Court held a deaf student's failure to exhaust his administrative remedies under IDEA did not preclude him from seeking compensatory damages under the ADA. *Id*. at 865. *Perez* does not apply because Plaintiffs assert, and Defendants do not contest, that they exhausted their IDEA administrative remedies. [*See* ECF No. 121 at 14, No. 123 at 2.] Thus, the motion for reconsideration fails on the first two grounds.

To succeed on the third ground for reconsideration, correcting an error or law or preventing a manifest injustice, Plaintiffs must show that the prior decision was not "'just maybe or probably wrong, it must … strike us as wrong with the force of a five-week-old, unrefrigerated fish.'" *TFWS, Inc. v. Franchot*, 572 Fed. 186, 195 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, 1995 WL 520978, at *5 n. 6 (4th Cir. Sept. 5, 1995). In other words, the court must be "dead wrong." *Id.*

Plaintiffs argue the court erred in denying their requests for change of venue; dismissing their 42 U.S.C. § 1983 claims for individual liability under IDEA, ADA, and Section 504 of the Rehabilitation Act; dismissing IDEA claims they brought on behalf of their child because they

are unrepresented litigants; declining to rule on various motions referred to the magistrate judge; adopting the Report and Recommendation; denying their motion for recusal; and dismissing all claims other than their IDEA claims brought in Plaintiffs' individual capacities. For the reasons stated below, Plaintiffs fail to establish a clear error of law or manifest injustice that would require this court to grant the motion to reconsider.

**I.    Change of Venue**

A party may bring a civil action in a judicial district (1) where any defendant resides if all defendants are residents of a state where the district is located or (2) a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b). The court previously denied Plaintiffs' request for change of venue from the District of South Carolina to the Western District of North Carolina on the grounds that (1) Defendants live in both South Carolina and North Carolina and (2) Plaintiffs' claims arise from actions taken by the Fort Mill School District in York County, South Carolina.

In their motion for reconsideration, Plaintiffs argue "IDEA law states that **ANY** party aggrieved can file suit in **ANY** state United States District Court," ECF No. 121 at 3, paraphrasing (without citing) 20 U.S.C. § 1415(i)(2)(A) (emphasis in original). The exact language of the statutes reads, "any party aggrieved by the findings and decision made under this subsection[] shall have the right to bring a civil action … which may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." *Id*.

The general venue statute, 28 U.S.C. § 1391, governs when a cause of action is created by statute without a special venue provision. *See Atl. Mar. Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013) (quoting 28 U.S.C. § 1391). IDEA does not contain a

special venue provision, and, contrary to Plaintiffs' assertion, the general venue statute dictates the District of South Carolina is the proper venue in this case. Other district courts have applied the general venue statute to preclude claims against out-of-state school districts from being heard in district court. *See J.T. v. de Blasio*, 500 F. Supp. 3d 137, 173 (S.D.N.Y. 2020) (finding venue improper as to out-of-state school districts in an IDEA case filed in the Southern District of New York "because no part of the events or omissions giving rise to the claims against them occurred in [that] district"). Plaintiffs have failed to show the court committed a clear error of law or manifest injustice in denying their request to transfer venue to the Western District of North Carolina.

## II.     Denial of Section 1983 Claims for Individual Liability Under IDEA, ADA, and Section 504

Though Plaintiffs invoke the ADA and Section 504 of the Rehabilitation Act in their motion, their arguments focus solely on IDEA. The court previously dismissed individual claims against certain school officials on the ground "IDEA permits awards of monetary relief against state and local school boards but not against individuals." [ECF No. 116 at 5.] Plaintiffs claim, without authority, "[d]amages can still be an available remedy in actions brought pursuant to 42 U.S.C. § 1983 for violations of the IDEA." This is simply not true. The Fourth Circuit has held Section 1415 of the IDEA "does not permit plaintiffs to sue under [S]ection 1983." *See Sellers by Sellers v. School Bd. of the City of Manassas, Va.*, 141 F.3d 524, 530 (4th Cir. 1998). Plaintiffs have failed to show the court's dismissal of their IDEA claims against individual school officials amounts to a clear error of law or manifest injustice.

## III.    Dismissal of Pro Se Representation of Their Minor Child

Plaintiffs cite *Winkelman v. Parma City Schools*, 550 U.S. 516 (2007) to support their argument the court erred in dismissing IDEA claims they asserted on behalf of their minor child.

In *Winkelman*, our Supreme Court asked "whether parents, *either* on their own behalf *or* as representatives of the child, may proceed in court unrepresented by counsel though they are not trained or licensed as attorneys." *Id*. at 520 (emphasis added). Plaintiffs argue this gives them the authority to represent their child's interest in his IDEA claim. Plaintiffs ignore the very end of the majority's opinion, which states, "[i]n light of our holding [establishing parents' rights to prosecute IDEA claims on their own behalf] we *need not reach* petitioners' alternative argument, which concerns whether IDEA entitles parents to litigate their child's claims *pro se*." *Id*. at 535 (emphasis added). As explained in the Order adopting the Report, the Fourth Circuit has established non-lawyer parents cannot represent their minor child in court. *See Myers v. Loudoun Cnty Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005); *M.D. v. Sch. Bd. of Cty. of Richmond,* 560 Fed. App'x 199, 202 (4th Cir. 2014). Plaintiffs have failed to show the court committed a clear error of law or manifest injustice in dismissing the IDEA claims brought on behalf of their child.

### IV.  Declining to Rule on Various Motions Referred to the Magistrate Judge

In the Order adopting the Report, this court declined to rule on Plaintiffs' motions to amend or correct complaint and amend or correct order of service, ECF Nos. 59 and 60, respectively, and their objections to defense counsel, ECF Nos. 73 and 80, because those motions are referred to the magistrate judge. Rather than articulate a reason why declining to rule on these motions constitutes a clear error of law or a manifest injustice, Plaintiffs restate the arguments originally put forth in their objections. They have not given a reason why this court should reconsider its previous ruling. Furthermore, other motions Plaintiffs now ask the court to "reconsider"—their motions to appoint counsel, for emergency relief, and for an evidentiary hearing—were not addressed in the previous Order, and it would be inappropriate to consider them now.

## V.  Adopting the Report and Recommendation

Plaintiffs ask the court to reconsider its adoption of the magistrate judge's Report, ECF No. 38, on the grounds "[t]he case law presented by the court was **NOT** IDEA, ADA or Section 504 case law." [ECF No. 121 at 14.] Plaintiffs do not specify what cases they object to. Instead, they cite *Perez v. Sturgis Pub. Schools*, 143 S.Ct. 859. Plaintiffs accurately state that *Sturgis* permits parties to seek forms of relief not available under IDEA, such as compensatory damages, without first exhausting their IDEA administrative remedies. *Id*. at 865. But they make no connection between *Sturgis* and this court's decision to adopt the magistrate judge's Report. Plaintiffs have not shown the court erred or committed a manifest injustice in adopting the Report.

## VI.  Denying the Motion for Recusal

Plaintiffs ask this court to reconsider denying their request that the presiding judge recuse herself, citing "the good old boys club," competency concerns because her tenure "only began in 2019," and "the Political Weaponization of Labels and the Federal Government." [ECF No. 121 at 15.] The court did not, in fact, deny Plaintiffs' previous request to recuse itself in the Order adopting Report and Recommendation, but in a separate Order signed the day before. [ECF No. 113]. Though this request is procedurally improper, in the interest of justice and considering Plaintiffs' self-represented status, the court will address it.

Recusal of federal judges is governed by 28 U.S.C. § 455. That statute provides "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This standard is analyzed objectively by considering whether a person with knowledge of the relevant facts might reasonably question the judge's impartiality. *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). A judge need not recuse herself because of "unsupported, irrational or highly tenuous

speculation." *Id.* Plaintiffs have not offered new evidence or pointed to any law which would require the presiding judge to recuse herself in this case. Indeed, Plaintiffs' argument that someone is out to get them amounts to no more than unsupported, irrational, and highly tenuous speculation.

**VII.     Dismissal of All Other Claims Other Than IDEA for Parents Only**

This court previously dismissed Plaintiffs' claims based on violations of HIPAA, the Constitution, the Nuremburg Code, religious discrimination, and defamation. [ECF No. 116 at 8.] Plaintiffs ask this court to reconsider its ruling on their ADA and Rehabilitation Act claims, citing IDEA section 1415(l), which states, "Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under … the Americans with Disabilities Act of 1990 [and] title V of the Rehabilitation Act of 1973." 20 U.S.C. § 1415(l).

The magistrate judge found that Plaintiffs failed to allege facts sufficient to support claims under the ADA and Section 504 of the Rehabilitation Act. [ECF No. 38 at 19.] This court reviewed the record, agreed with the magistrate judge, and adopted that portion of the Report. Contrary to Plaintiffs' assertions, 20 U.S.C. § 1415(l) does not mean that by successfully pleading IDEA claims they have also successfully pleaded claims under the ADA and Rehabilitation Act. Rather, that provision of IDEA preserves the rights guaranteed under those statues when Plaintiffs successfully plead IDEA, ADA, and Rehabilitation Act claims in the same case. That is not the situation here because Plaintiffs have failed to properly plead claims under the ADA or Rehabilitation Act.

As to the other claims dismissed in the previous Order, Plaintiffs simply state "Any and all rules, laws or case law presented by the court that are [in] opposition to the [C]onstitution are void." [ECF No. 121 at 16.] Plaintiffs support this statement with citations to *Marbury v. Madison*,

5 U.S. 137 (1803); *Ex Parte Siebold*, 100 U.S. 371 (1879); *Norton v. Shelby Cnty.*, 118 U.S. 425 (1886); and *Miranda v. Arizona*, 384 U.S. 436 (1966). The court agrees with Plaintiffs that a rule, law, or case law that is repugnant to the Constitution is void. Yet Plaintiffs do not explain how this court's dismissal of their claims is unconstitutional. Neither have they shown that there was a clear error of law or manifest injustice in dismissing those claims.

## CONCLUSION

Plaintiffs fail to meet the burden required to grant a motion for reconsideration. Plaintiffs have presented no facts previously unavailable to the court, and the one case they cite that was issued after the magistrate judge issued her report, *Perez*, is inapplicable. Finally, Plaintiffs fail to show that the court committed an error of law or subjected them to manifest injustice in adopting the Report. Because Plaintiffs have not established any of the three grounds on which a motion for reconsideration may be granted, the motion is respectfully **DENIED**.

**IT IS SO ORDERED.**

s/ Sherri A. Lydon
United States District Judge

June 22, 2023
Columbia, South Carolina