IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alexis Benson and Kevin Carberry, Sr., | ) ) ) ) | C/A No.: 0:22-614-SAL-SVH |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | ORDER |
| Fort Mill Schools/York County District 4 and South Carolina Board of Education, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Alexis Benson ("Benson") and Kevin Carberry, Sr. ("Carberry") (collectively "Plaintiffs"), proceeding pro se and in forma pauperis, originally filed this action alleging violations of their minor child's (the "student") constitutional rights and several federal statutes. This matter comes before the court on multiple motions filed by the parties, addressed below. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings.

I.   Background

On February 22, 2022, Plaintiffs filed their original complaint in the United States District Court for the District of North Carolina, Western Division. [ECF No. 1]. Plaintiff's allegations primarily concern treatment the

student received in his public education setting since March 2020. *See id.* at 1, 4–13. On February 28, 2022, this case was transferred to this court. [ECF No. 7].

On October 6, 2022, the undersigned issued a report and recommendation and order, addressing numerous procedural issues and outstanding motions filed by Plaintiffs. [ECF No. 38 ("October 6, 2022 order")]. On April 20, 2023, the district judge adopted the report and recommendation, as modified, (1) denying Plaintiffs' request for a change in venue, (2) allowing to proceed Plaintiffs' claims asserted on their own behalf brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), against Fort Mill Schools/York County District 4 (the "District") and South Carolina Board of Education (the "Department") (collectively "Defendants"), and (3) dismissing all other claims and defendants. [ECF No. 116 ("April 20, 2023 order")].

II.   Discussion

Following the undersigned's issuance of the October 6, 2022 order, the parties filed multiple motions. As a preliminary matter, the undersigned denies as moot the motions rendered moot following the issuance of the district judge's April 20, 2023 order, filed by a now-dismissed defendant. [*See* ECF No. 78, 87].

Throughout their pending motions, Plaintiffs seek multiple forms of

relief, including relief that has already been denied by the court. The court addresses the motions, organized by relief requested for clarity.

    A.    Renewed Motions for Emergency Injunction [ECF Nos. 46, 107]

Plaintiffs "request an Emergency Injunction for Relief in the amount of [currently] $500,000" due to the "devastating amount of financial suffering in order to receive justice for their Autistic Son." [ECF No. 46 at 20, *see also* ECF No. 107].

Fed. R. Civ. P. 65 authorizes federal courts to issue temporary restraining orders and preliminary injunctions. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *United States v. South Carolina*, 840 F. Supp. 2d 898, 914 (D.S.C. 2011) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). As the Supreme Court has noted, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

Plaintiffs do not seek to preserve the relative positions of the parties nor have they made any showing they are entitled to such relief. Plaintiff's renewed motions for emergency injunction are denied.

    B.    Motions to Add Defendants [ECF Nos. 46, 101, 102]

Plaintiff seeks to add Monica Bohlen ("Bohlen"), Barbara Drayton

("Drayton"), and Brian P. Murphy ("Murphy") as defendants. Plaintiffs allege Bohlen is a hearing officer who allegedly "participated in ex parte communications and colluded and conspired the hearing and ruling in the favor of defendants." [*See, e.g.*, ECF No. 46 at 29–30]. Plaintiffs alleged that Drayton works for the South Carolina Department of Education and "aimed consciously and with prejudice to formulate a plan to neglect the petitioner's as well as the rights of all families of South Carolina." [ECF No. 101 at 1]. As to Murphy, Plaintiffs argue as follows:

> The [local hearing officer ("LHO")] aimed consciously and with prejudice to formulate a plan to neglect the petitioner's rights in several ways LHO Brian Murphy's focus was on his own authority, ego and power rather than whether his orders were fair, impartial and within the Laws that Congress set forth through IDEA and the Constitution of the United States.

[ECF No. 102 at 1].

In her April 20, 2023 order, the district judge held the only potentially-valid claim that may move forward in this case is the IDEA claim asserted on the Plaintiffs' behalf and that the IDEA does not create liability against individuals. [ECF No. 116 at 7, 10]. In so finding, the district judge disallowed the claims against school officials in their individual capacities. *Id.* at 7.

It appears Plaintiffs seek to add Bohlen, Drayton, and Murphy to assert claims against them pursuant to the IDEA. However, as stated above,

4

the IDEA does not create liability against individuals. To the extent Plaintiffs seek to assert other claims against these individuals, they have failed to allege sufficient facts to support any such claims. Accordingly, Plaintiffs' motions to add defendants are denied.[1]

C.  Motions for E-FILE Pacer Use [ECF Nos. 46, 109]

The court again denies Plaintiffs' motions to electronically file. As stated by this court:

> In the District of South Carolina, electronic filing is not permitted for pro se filers. Rule 5(d)(3) of the Federal Rules of Civil Procedure provides that pro se litigants "may file electronically only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3). The District of South Carolina's local civil rules and electronic case filing policies and procedures specifically provide that a pro se party may not register as a "filing user" to file electronically in the ECF system; rather, a pro se party **shall file papers in the Traditional Filing Method**. *See* Local Civil Rule 5.02(B) and Electronic Case Filing Policies and Procedures, http://www.scd.uscourts.gov/AttorneyResourceManuals/ECF/ECF_Policy_and_Procedures.pdf. The "Traditional Filing Method" means filing original paper documents bearing the signature of the attorney or pro se party. *Id.* [The plaintiff] has failed to set forth a sufficient basis for this Court to alter its local civil rules or electronic case filing policies and procedures.

*In re Dist. Clerk's Off. Operations*, C/A No. 3:21-MC-00341-RBH, 2021 WL 5039928, at *3 (D.S.C. Oct. 29, 2021) (emphasis in original)), aff'd, No. 22-1742, 2023 WL 1433642 (4th Cir. Feb. 1, 2023).

---

[1] For the same reasons, Plaintiffs' motion to amend/correct the summons [ECF No. 60] and Plaintiff's motion to amend the complaint to the extent it seeks to add individual defendants [ECF No. 59] are denied.

Plaintiffs' motions are denied.

D.     Renewed Motions to Appoint Counsel [ECF Nos. 46, 110]

As previously stated by the court, while "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), "there is no absolute right to appointment of counsel" in civil cases. *Hall v. Holsmith*, 340 F. App'x 944, 946 (4th Cir. 2009). The court has discretion over whether to appoint counsel and should do so only "where the case . . . presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989). The circumstances presented by Plaintiffs are true for most cases filed pursuant to 28 U.S.C. § 1915, and, thus, are not "exceptional." Accordingly, Plaintiffs' renewed motions to appoint counsel are again denied.

E.     Renewed Motion to Amend/Correct [ECF No. 59]

Leave to amend should be freely granted under Fed. R. Civ. P. 15(a), and amendments are generally accepted absent futility, undue prejudice, or bad faith. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). The court can deny a motion to amend a complaint "if amending the complaint would be futile, that is, 'if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *United States ex rel. Wilson v. Kellogg*

6

*Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citation omitted).

As previously noted, Plaintiffs have filed a motion to amend but have failed to include any reasons for amendments made or identify any changes made among the various documents. At this time, Plaintiffs' motion to amend is denied without prejudice. [ECF Nos. 59]. To the extent Plaintiffs wish to file an amended complaint, they should file one proposed amended complaint, as well as a motion to amend with the reasons for the amendments and detailing any changes that have been made from the operative complaint in this case. [*See* ECF Nos. 1, 41; *see also* ECF No. 38 (designating ECF Nos. 1, 41 as the operative complaint in this case)].[2]

F.  Plaintiffs' Objections to Defense Counsel [ECF Nos. 73, 80]

Plaintiffs have filed an "objection" to defense counsel David Duff representing both the District and previously-named individual defendants [ECF No. 73] and a very similar objection to defense counsel for the Department and a previously-named individual defendant. [ECF No. 80]. Plaintiffs claim without evidence or other support that these circumstances create conflicts of interest and "lends to continued conspiracy and collusion." [ECF No. 108]. Both objections accuse the parties of ethical violations,

---

[2] Plaintiffs are reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.")

7

defrauding taxpayers, and unspecified criminal acts.

The court is not aware of any untoward behavior or conflict of interest, and Plaintiffs fail to specifically identify any. Additionally, because the claims against the individually-named defendants have been dismissed, the basis for Plaintiffs' objections to defense counsel no longer exist.

Accordingly, the undersigned dismisses Plaintiffs' objections to defense counsel.

G.    Defendants' Motion to Dismiss [ECF No. 84]

The remaining pending motion is Defendants' motion to dismiss, filed December 6, 2022, in which they seek dismissal of

> the only potential IDEA claim at issue in this case and in the underlying administrative due process case [which] involve[s] the decision by the District to change the Student's placement from his special education "mainstream" program at River Trail Elementary School to a special setting (self-contained), with a behaviorally focused program located at Orchard Park Elementary School. Plaintiffs contend this placement change was accomplished in a manner that procedurally violated the IDEA.

[ECF No. 84-1 at 2]. Defendants further argue that because a state-level review officer found that this placement was a prejudicial procedural violation of the IDEA, and because the relief thereafter ordered was in the process of being implemented when this suit commenced, relief requested by Plaintiffs in this case has either been rendered moot or cannot be validly

---

(citation and internal quotation marks omitted).

sought. *Id.* at 2–3.

Because Plaintiffs are proceeding pro se, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiffs of the appropriate procedures and the possible consequences if they failed to respond adequately to Defendants' motion. [ECF No. 89].

In response, Plaintiffs filed a document that did not substantively address Defendants' motion to dismiss and instead informed the court of their plan to appeal the court's *Roseboro* order to the Fourth Circuit. [*See* ECF No. 92, *see also* ECF No. 93 (notice of appeal)]. On March 23, 2023, the Fourth Circuit dismissed Plaintiffs' appeal for lack of subject matter jurisdiction. [ECF No. 104, *see also* ECF No. 112 (mandate)].

Because Plaintiffs are proceeding pro se, and in an abundance of caution, Plaintiffs are permitted to file a response to Defendants' pending motion to dismiss no later than **July 28, 2023,** to which Defendants are permitted to file a reply, if needed, no later than **August 4, 2023**. In an additional abundance of caution, the court issues an additional *Rosoboro* order, containing the above deadlines.[3]

---

[3] As indicated above, Plaintiffs have filed numerous motions numerous times that the court has consistently denied. Plaintiffs are hereby advised that the continued filing of such motions, absent a change in law or other supporting Fourth Circuit authority, may result in the court ordering appropriate

9

III.   Conclusion and Recommendation

The undersigned denies as moot the motions rendered moot following the issuance of the district judge's April 20, 2023 order. [ECF Nos. 78, 87]. Plaintiffs' remaining motions are denied. [ECF Nos. 46, 59, 60, 101, 102, 107, 109, 110]. The undersigned also dismisses Plaintiffs' objections to defense counsel. [ECF Nos. 73, 80].

Plaintiffs are permitted to file a response to Defendants' pending motion to dismiss no later than **July 28, 2023,** to which Defendants are permitted to file a reply, if needed, no later than **August 4, 2023**. The court issues an additional *Roseboro* order separately, containing the above deadlines.

IT IS SO ORDERED.

June 27, 2023                                            Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

---

sanctions based on the lack of merit of such motions.

10